IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIPE VASQUEZ AVILA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1363-FB |
| | § | |
| KRISTI NOEM, in Her Official Capacity as | § | |
| Secretary of the Department of Homeland | § | |
| Security; TODD LYONS, in His Official | § | |
| Capacity as Acting Director of U.S. Immigration | § | |
| and Customs Enforcement; DANIEL A. BIBLE, | § | |
| in His Official Capacity as Acting Director of | § | |
| the San Antonio Field Office of ICE, | § | |
| Enforcement and Removal Operations; BOBBY | § | |
| THOMPSON, Warden of the South Texas | § | |
| Detention Center; and DAREN K. MARGOLIN, | § | |
| in His Official Capacity as Director of the | § | |
| Executive Office for Immigration Review, | § | |
| | § | |
| *Respondents*. | § | |

## <u>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Before the Court are Petitioner's Motion for Temporary Restraining Order and Motion to Set

Hearing (docket #4); Response in Opposition to Petitioner's Motion for Temporary Restraining Order

and/or Preliminary Injunctive Relief (docket #6); Petitioner's Reply to Respondents' Opposition to

Motion for Temporary Restraining Order and Preliminary Injunction (docket #7); and Plaintiff's

Motion for Hearing on Emergency Application for Temporary Restraining Order (docket 8).  In

Plaintiff's Original Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Request

for Declaratory and Injunctive Relief, Petitioner states he is seeking "preliminary injunctive relief,

directing Respondents to provide him with an individualized bond hearing or to release him from

custody under any conditions the Court deems necessary without delay," (docket #1 at page 2).

Moreover, in his Reply in Opposition, Petitioner reiterates he is not seeking "judicial review of any

removal order," and is not challenging "the initiation, adjudication, or execution of his removal

proceedings." (Docket #7 at page  6).  Instead, he "challenges only the legality of his ongoing civil

detention—specifically, his confinement without any individualized custody determination, bond hearing, or meaningful review.  *Id.*

### Background

Petitioner, Felipe Vasquez Avila (Mr. Avila), is a fifty-seven-year-old citizen and national of Mexico who has lived in the United States for approximately twenty years.  Mr. Avila concedes he entered the United States without inspection in or around 2004.  He and his U.S. citizen wife were residing at their longtime family residence in Dale, Texas, when he was arrested by local law enforcement on or about July 19, 2025, for a criminal charge that was later dismissed on August 6, 2024.  Despite the dismissal, ICE took custody of him shortly thereafter and initiated removal proceedings.

On August 13, 2025, the Department of Homeland Security (DHS) served Mr. Vasquez with a Notice to Appear charging him as removable under INA § 212(a)(6)(A)(i). His case was placed on the Pearsall Immigration Court's detained docket where it remains pending before Immigration Judge Kalenna Lee.  The Executive Office for Immigration Review (EOIR) Automated Case Information System reflects that Petitioner remains in § 240 proceedings and has been scheduled for hearings at the Pearsall Immigration Court located inside the Detention Center.  Petitioner's next scheduled hearing in his § 240 removal proceedings is currently set for December 2, 2025.[1]

Petitioner requested a custody redetermination hearing, through counsel, pursuant to INA § 236(a).  Mr. Avila states he submitted documentation of his long-term residence, family ties, medical conditions, and substantial community support which was denied.  On September 10, 2025,

---

[1] According to the Declaration of counsel attached to Plaintiff's Motion for Hearing (docket #8-1 at page 1), the "Immigration Court recently advanced [her] client's merits hearing to Tuesday December 2, 2025, from its originally scheduled date of January 6, 2026."

Immigration Judge Veronica Segovia denied the custody request—not "based on any individualized analysis of danger or flight risk, but solely on the view that *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), deprived immigration judges of jurisdiction to consider bond for noncitizens treated as 'applicants for admission.'" Reply, docket #7 at pages 7-8. "The order states expressly that the request was 'denied for lack of jurisdiction.'" *Id.* The jurisdictional denial has prevented Petitioner from receiving an individualized custody hearing, and ICE has not conducted a discretionary parole review or provided him with any written explanation for why his incarceration must continue. He contends his civil detention continues only due "to the government's categorical position—not because of any demonstrated risk of flight or danger." *Id.*

## I.      Petitioner Claims Entitlement to Bond Hearing or Immediate Release

Petitioner seeks a temporary restraining order (TRO) in this case claiming the need for immediate judicial consideration because he faces the ongoing, irreparable harm of being in civil immigration custody at the South Texas Detention Center and "being denied an immigration bond hearing in violation of law, specifically, Section 236(a) of the INA [8 U.S.C. § 1226(a)]." Motion for TRO, docket #4 at page 2. Petitioner maintains:

> [t]he plain language of Section 236(a) explicitly provides that "the Attorney General (1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole . . ." unless they are subject to the mandatory detention provisions of Section 236(c). Despite the clear language of this section, current BIA policy limits the immigration courts from entertaining such bond requests, contrary to law. This means that noncitizens like [Petitioner], who have lived in the United States for years, are ineligible to apply for an immigration bond with the immigration court as a practical matter, regardless of the statute's guarantee of an immigration bond hearing to such persons.

*Id.* Therefore, as a matter of plain statutory and regulatory text, Petitioner, who is being detained

pending his § 240 removal proceedings, is legally entitled to request a bond from an immigration judge

pursuant to 8 U.S.C. § 1226(a) or immediate release.   *Id.* at page 3.

Petitioner believes his circumstances are straightforward: " he is a long-term resident of Texas

with no criminal history, a record of complete compliance, a pending asylum application, and deep

family connections in Central Texas—who was taken into custody solely because ICE assumed custody

of him following a simple assault charge that was dismissed." Reply, docket #7 at page 9.  He argues

his continued detention is not supported by a filed charging document and he has not "been provided

the procedural mechanisms Congress made available to individuals in his position to seek review of

his custody status." *Id.*

## II.    Respondents Claim Petitioner's Detention is Mandatory

Respondents assert Petitioner's detention is controlled by 8 U.S.C. § 1225(b), which requires

mandatory detention and provides no requirement for a bond hearing, and not § 1226 which does

provide for release on bond.  Respondents argue that 8 U.S.C. § 1225 controls because Petitioner has

never been inspected or admitted by an immigration officer and therefore is considered an applicant

for admission pursuant to 8 U.S.C. § 1225(a).  Respondents assert section 1226(a) does not apply

because it "applies to aliens within the interior of the United States who were once lawfully admitted

but are now subject to removal from the United States under 8 U.S.C. § 1227(a)." Response, docket

#6 at page 6.  Respondents explain that "aliens can be charged in removal proceedings as removable

under § 1227(a) in certain circumstances, such as, for example, overstaying a visa or committing

specific criminal offenses after having been lawfully admitted.  Section 1226(a) allows DHS to arrest

and detain an alien during removal proceedings and release them on bond, but it does not mandate that

all aliens found within the interior of the United States be processed in this manner. 8 U.S.C.

§ 1226(a)." *Id.* at pages 6-7.

Respondents note that Petitioner does not claim he is removable under § 1227(a), and his "NTA shows he is charged as 'inadmissible' under § 1182(a)." *Id.* at page 7. Therefore, it is the Petitioner, not the Government, who has the burden to prove he is admissible to the United States which is a showing he has not and cannot make. "By statutory definition, therefore, he is an applicant for admission who is seeking admission to the United States" subject to detention pursuant to § 1225(b). *Id.*

### *Legal Standard*

The four factors which govern an application for a temporary restraining order are the same as those which govern a request for a preliminary injunction. *Hill v. Green Cty. Sch. Dist.*, 848 F. Supp. 697, 703 (S.D. Miss. 1994) (citing *Can Auth. v. Callaway*, 489 F.2d 567 (5th Cir. 1974). Well-settled Fifth Circuit precedent establishes that a petitioner must establish the following four factors: substantial likelihood of success on the merits; substantial threat that failure to grant the injunction will result in irreparable injury; the threatened injury outweighs any damage that the injunction may cause the opposing party; and the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. DCL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). To determine the likelihood of success on the merits, the Court looks to the standards provided by the substantive law. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985). The substantive prerequisites for obtaining an equitable remedy as well as the general availability of injunctive relief are not altered by Rule 65 and depend on traditional principles of equity jurisdiction. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19 (1999).

### *Arguments and Analysis*

**I.    Petitioner is Likely to Succeed on the Merits**

At issue in this case, as it has been in so many other cases in this and other courts across the country, is whether noncitizens, such as the Petitioner in this case, who have resided in the United

States for many years are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission" or whether § 1226(a) applies despite the decision rendered in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, *227 (BIA 2025). Although Respondents ask the Court to follow the five district courts which have agreed with their analysis, *see Vargas v. Lopez*, No. 25-CV-526, 2025 WL 2780351 at *4–9 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, No. 25-CV-23250-CAB-SBC, 2025 WL 2730228 at *4–5 (S.D. Cal. Sept. 24, 2025); *Garibay-Robledo v. Noem, et al.*, No. 1:25–CV–177–H (N.D. Tex. Oct. 24, 2025); *Barrios Sandoval v. Acuna, et al.*, No. 6:25–CV–01467, 2025 WL 3048926 at *3 (W.D. La. Oct. 31, 2025); *Silva Oliveira v. Patterson, et al.*, No. 25–CV–01463 (W.D. La. Nov. 4, 2025), this Court finds persuasive the overwhelming majority of decisions in district courts, including several in the Western District of Texas, which have discussed and analyzed the same arguments being presented here and finding "'this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect.'" *Uriel Rojas Vargas v. Bondi, et al.*, No. 1:25-cv-01699-DAE, 2025 WL 3251728 at *3 (W.D. Tex. Nov. 5, 2025) (quoting *Lopez-Arevelo v. Ripa*, 3:25-CV-337-KC, 2025 WL 2691828, at *7 (W.D. Tex. Sep. 22, 2025); *Pizzaro Reyes v. Raycraft*, 25-CV 12546, 2025 WL 2609425 (E.D. Mich. Sep. 9, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025) (calling the decisions a "chorus" of courts rejecting respondents' interpretation of § 1225(b)(2)); *Roman v. Noem*, 2:25-CV-01684-RFB-EJY, 2025 WL 2710211 (D. Nev. Sep. 23, 2025)); *see Hernandez-Fernandez v. Lyons*, Case No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex, Oct. 21, 2025); *Hernandez Ramiro v. Bondi*, No. SA-25-CA-01207-XR (W.D. Tex. Oct. 15, 2025); *see also Valencia Zapata v. Kaiser,* No. 25-CV-07492-RFL*, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Roa, et al. v. Albarran, et al.,* No. 25-CV-07802-RS, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Lepe v. Andrews,* No. 1:25-CV-01163-KES-SKO (HC),

2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Singh v. Lewis*, No. 4:25-CV-96-RGJ, 2025 WL 2699219

(W.D. Ky. Sept. 22, 2025)*; Chafla, et al., v. Scott, et al., No. 2:25-CV-00437-SDN, 2025 WL 2688541*

*(D. Me. Sept. 21, 2025); Barrera v. Tindall, et al.*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, (W.D.

Ky. Sept. 19, 2025); *Vazquez v. Feeley, et al.,* No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D.

Nev. Sept. 17, 2025); *Carlon v. Kramer,* No. 4:25CV3178, 2025 WL 2624386 (D. Neb. Sept. 11, 2025);

*Lopez Santos v. Noem*, No. 3:25-CV-01193, 2025 WL 2642278, at *5 (W.D. La. Sept. 11, 2025);

*Guzman v. Andrews,* No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025);

*Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug 29,

2025 ) (collecting 12 decisions). These plentiful decisions which have granted relief to petitioners in

positions similar to the Petitioner in this case, provide the evidence to support the likelihood of success

on the merits of Petitioner's claim herein. *Uriel Rojas Vargas v. Bondi, et al.*, No. 1:25-cv-01699-

DAE, 2025 WL 3251728 at *3 (W.D. Tex. Nov. 5, 2025) (finding a substantial likelihood that

Petitioner was owed a bond hearing and would succeed on the merits of his habeas petition because

the "language and amendment history of the INA does not comport with Respondents' arguments to

the contrary.")

## II. Remaining Factors Support Petitioner's Requested Relief

Respondents argue the remaining three factors do not weigh in the Petitioner's favor because

"(1) Petitioner is in removal proceedings, which entitles the government to detain him, either on a

mandatory basis under § 1225(b) or in the exercise of discretion;" "(2) both the Government and the

public at large have a strong interest in the timely enforcement of the immigration laws;" and (3)

"Petitioner has provided no basis for this Court to determine that his continued detention (the status

quo) pending the conclusion of his removal proceedings will cause him irreparable harm." Response,

docket #6 at page 13.  In support of their third point, Respondents state the "Petitioner can apply for relief before an immigration judge, and because of his detention, his removal proceedings will advance more quickly than they would on the non-detained docket." *Id.*  The Court disagrees.

As explained in *Uriel Rojas Vargas v. Bondi, et al.*, No. 1:25-cv-01699-DAE, 2025 WL 3251728 at *4 (W.D. Tex. Nov. 5, 2025), "unlawful detention in an immigration context is inherently a substantial threat of irreparable injury."  In addition, Petitioner explains that he "suffers from medical complications that include Type 2 diabetes, mixed hyperlipidemia, fatty liver, high blood pressure and hypertriglyceridemia," and "requires medicine to control his conditions as well as regular medical visits that are best suited to be handled outside of detention."  Plaintiff's Motion for Hearing, docket #8 at page 2.  He maintains the failure "to treat and medicate properly could result in [] death or [permanent] incapacitation while in immigration custody."  *Id.*

In addition, Respondents contention of a benefit to continued detention due to his removal proceedings advancing sooner than if he is not detained was "adamantly" rejected in *Uriel Rojas Vargas v. Bondi, et al.*, 2025 WL 3251728 at *4.  "Petitioner suffers loss of liberty while he is detained and has suffered further harm due to separation from his spouse and children."  *Id.*  Similarly, in this case, Petitioner suffers a loss of his liberty while detained and suffers a further harm by also being separated from his spouse, step-children, and grandchildren.

Lastly, the claim by Respondents that " both the Government and the public at large have a strong interest in the timely enforcement of the immigration laws" was considered in *Hernandez Ramiro v. Bondi*, Case No. SA-25-CA-1207-XR (W.D. Tex. Oct. 15, 2025).  However, as Judge Rodriguez explained, the relief will not undermine the public interest because the public "also has an interest in the *government* following those laws."  *Id.* (Emphasis in original) (citing *Kostak v. Trump*,

-8-

No. CV-3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025) ("The Court also finds that granting Petitioner injunctive relief serves the public interest, as it will require the Government to ensure compliance with its own laws.")). "Besides, the public is paying to detain Petitioner," and there was no evidence, as is the case herein, that "he is a flight risk, so this expense is unnecessary. A temporary restraining order is thus appropriate." *Id.*

Accordingly, this Court finds, as did the courts in *Uriel Rojas Vargas v. Bondi* and *Hernandez Ramiro v. Bondi* cited above, there is a substantial threat of irreparable harm which outweighs any damage to the Respondents and the granting of the TRO in this case will not be adverse to the public interest. Therefore, the Court further finds the motion has merit and should be granted.

For the reasons set forth above and based on the arguments and authorities presented by the Petitioner in his petition, motions, and reply, IT IS HEREBY ORDERED Petitioner's Motion for Temporary Restraining Order (docket #4) is GRANTED such that:

(1)    IT IS HEREBY ORDERED that, on or before **Tuesday, December 9, 2025,** Respondents shall either: (1) provide Petitioner Avila a bond hearing before an immigration judge, at which the Government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence based on dangerousness or risk of flight; or (2) release Petitioner Avila from custody, under reasonable conditions of supervision, if Respondents are unable to provide this hearing by December 9, 2025, or choose not to do so.

(2)    IT IS FURTHER ORDERED that the parties SHALL FILE filed a status report on the status of the bond hearing immediately following the hearing, but in no event later than **December 10, 2025**, stating in detail if and when the bond hearing occurred, if bond

was granted or denied, and if denied, the reasons for that denial and continued detention.

(3)     Respondents shall maintain Petitioner's removal proceedings under regular removal process pursuant to 8 U.S.C. § 1229a, not expedited removal proceedings, pending the conclusion of these review proceedings.

(4)     Motions pending, if any, are DISMISSED.

It is so ORDERED.

SIGNED this 25th day of November, 2025.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE